IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEVELLE BUSH, #R06416, <br><br> Plaintiff, <br><br> v. <br><br> PERCY MYERS, and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 23-cv-00783-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Chevelle Bush, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on April 14, 2022, while incarcerated at Stateville NRC, he fell and severely tore his right triceps. (Doc. 1, p. 40). He was subsequently transferred to Pinckneyville

---

[1] Along with the Complaint, Plaintiff has filed a motion for a preliminary injunction, and so, the Court will take up the case without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Page 1 of 7

on April 19, 2022. Upon his arrival he informed the healthcare unit of his injury and that he was experiencing pain. (*Id.*).

On April 26, 2022, Plaintiff's right arm became swollen, and he could not bend it or move his fingers. (Doc. 1, at p. 40). He was taken to an emergency room at an outside hospital where the medical staff was unable to treat his injury because they did not have the proper equipment. (*Id.* at p. 41). An x-ray was taken, but the treating doctor told Plaintiff that he needed an MRI. The doctor used syringe to draw blood out of a swollen knot above his elbow and misdiagnosed the problem as bursitis of the elbow. Plaintiff told the doctor that his elbow did not hurt, it was his triceps. The doctor put Plaintiff's arm in a sling and again stated Plaintiff would need an MRI. (*Id.*).

Following the visit, Plaintiff repeatedly asked for an MRI. Plaintiff previously had his right leg amputated in December 2019, which greatly enhanced the pain in his arm and extremely limited his mobility. (Doc. 1, p. 41). He could not sleep, use the restroom, or even shower because of the pain. (*Id.*).

In May, Dr. Myers agreed for Plaintiff to have an MRI but then changed his decision to an ultrasound. (Doc. 1, p. 42). Plaintiff repeatedly told Dr. Myers he was experiencing severe pain, limited range of motion, and an inability to use his arm correctly. But Plaintiff did not receive adequate care for his injury. (*Id.*).

Because he filed grievances about his pain, prison officials began to retaliate against Plaintiff. (Doc. 1, p. 42). They stopped giving him pain medication for over a month and did not give him blood pressure medication. Dr. Myers either knew about the retaliation, or it was at his direction. (*Id.*).

Eventually, Plaintiff had an ultrasound that had normal results. (Doc. 1, p. 43). He continued to complain to medical staff that he was experiencing significant pain, and something was wrong. On November 11, 2022, Plaintiff was given an MRI and saw a specialist. He was

notified that he had nerve damage.

Currently, Plaintiff is still experiencing pain, numbness, and swelling in his right arm and is being denied proper medical care. (Doc. 1, p. 43). He has difficulty performing daily tasks and has nearly lost complete use of his right arm. (*Id.*).

Plaintiff asserts that he has been delayed and denied adequate treatment because Wexford Health Sources, Inc. ("Wexford") has a practice of delaying and denying referrals based not on medical necessity but on cost. (Doc. 1, p. 45). In order to save money, Wexford also encourages doctors to spend minimal amounts of time with patients and does not allow the treating medical providers to order medically indicated tests and procedures. (*Id.* at p. 46).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment claim against Myers and Wexford for exhibiting deliberate indifference to Plaintiff's right arm injury and associated pain.

**Count 2:** First Amendment claim against Myers for the denying Plaintiff pain and blood pressure medicine in retaliation against him for filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Plaintiff has sufficiently stated a claim against Dr. Myers and Wexford for deliberate indifference, and Count 1 survives screening. *See e.g., Farmer v. Brennan,* 511 U.S. 825 (1994);

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002).

Count 2 will also proceed against Dr. Myers for retaliating against Plaintiff by directing or knowing and consenting to the denial of pain and blood pressure medicine. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a motion seeking a preliminary injunction regarding his care. (Doc. 6). Plaintiff claims that he is still not receiving proper medical treatment for his arm. His arm continues to cause him severe pain, and he is not able to fully use it. He asks the Court to issue an injunction (1) to ensure the receipt of proper medical care; and (2) to require that he be examined by an outside qualified specialist and that all treatment decisions be defer to the specialist.

The request for a preliminary injunction will remain pending until Defendants have been served. Davit Mitchell, the warden of Pinckneyville, will be add as a defendant in his official capacity only for the purpose of implementing any injunctive relief that may be ordered. See *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Defendants are **DIRECTED** to respond to the request for a preliminary injunction within **14 days** of service of the pleadings in this case, at which point the Court will determine the need for a hearing on the motion.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 2). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff asserts that he has written to five attorneys and states that he has not received any responses. However, it appears he has heard back from at least one law firm, as he includes the declination letter along with his motion. Based on this limited information, the Court cannot determine that Plaintiff has made reasonable attempts to obtain counsel. Should Plaintiff seek counsel at a later date, he should provide the names and addresses of at least three attorneys he has attempted to contact and if possible, the rejection letters from at least three attorneys.

The Court also finds that Plaintiff is capable of representing himself at this early stage in the case. Plaintiff identifies a single impediment to self-representation – he does not have any knowledge of the law. his limited knowledge of the law, however, is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel. Plaintiff is a college graduate, and not only has he drafted a successful complaint, but his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Therefore, the recruitment of counsel is not warranted at this time, and the motion is **DENIED.**

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Myers and Wexford. **COUNT 2** will proceed against Myers.

The Motion for Recruitment of Counsel is **DENIED.** (Doc. 2). A ruling on the Motion for Preliminary Injunction is **DEFERRED**. (Doc. 6). Warden David Mitchell is **ADDED** to this case as a defendant in his official capacity only for the purpose of implementing any injunctive relief that may be awarded. Defendants are **DIRECTED** to respond to the request for a preliminary

injunction within **14 days** of service of the pleadings.

The Clerk of Court is **DIRECTED** to **ENTER** the Court's standard HIPAA Qualified Protective Order.

The Clerk of Court **SHALL** also prepare for Myers, Wexford, and Mitchell (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Motion for Preliminary Injunction (Doc. 6), and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis may be granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2023**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.